IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DARRELL RICARDO WHYTE,<br>　　Plaintiff,<br><br>v.<br><br>ANDREW HAZLEY, ET AL.<br>　　Defendants. | Case No. 3:23−cv−00122<br>Judge Richardson/Frensley |

## REPORT AND RECOMMENDATION

Pending before the Court is a motion for restraining order filed by the pro se Plaintiff in this matter. Docket No. 50. Defendants Amanda Morrow and Candy Jones have filed a response in opposition. Docket No. 57. Plaintiff was granted an extension of time to file a reply (Docket No. 61) but has not done so. For the reasons set forth herein, the undersigned recommends that the motion be **DENIED.**

### BACKGROUND

This is an action brought by the Plaintiff against various Defendants alleging a conspiracy to deprive him of his constitutionally protected rights related to a previously imposed criminal sentence which the Plaintiff asserts expired in May of 2020. Docket No. 11. The Plaintiff has amended his Complaint on several occasions most recently to assert claims against the Defendants in both their individual and official capacities and add a jury demand to his Complaint. Docket No. 34. After the Court granted his most recent motion to amend (Docket No. 33) the Plaintiff filed two motions for summary judgment (Docket Nos. 35 and 51) and the Defendants have filed motions to dismiss (Docket Nos. 42, 43 and 44) all of which remain pending.

Plaintiff filed the instant motion for a restraining order after receiving an automated text messages from the Tennessee Department of Correction ("TDOC") advising him that the department would be closed due to inclement weather. Docket No. 50, p. 1. He argues that the text messages are "an intimidation tactic" and also discusses additional allegations not related to the text messages but does not request any specific relief from the court. *Id.* For the reasons set forth herein, the undersigned recommends that the Motion for restraining order be **DENIED**.

## LAW AND ANALYSIS

### A.  Standard of Review

The moving party has the burden of proving that the circumstances "clearly demand" a temporary restraining order ("TRO") or preliminary injunction. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't.*, 305 F. 3d 566, 573 (6th Cir. 2002). The court must balance four factors in deciding whether to issue a TRO or preliminary injunction: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retired Employees Ass'n. v. Schimmel*, 751 F. 3d 427, 430 (6th Cir. 2014)(internal quotation marks omitted). These four factors are "factors to be balanced, not prerequisites that must be met." *Michael v. Futhey*, 2009 WL 4981688, at *17 (6th Cir. Dec. 17, 2009), *quoting Six Clinic Holding Corp., II v. Cafcomp Systems*, 119 F. 3d 393, 400 (6th Cir. 1997).

### B.  The Plaintiff's Motion for Restraining Order

The Plaintiff has neither cited the standard for granting injunctive relief nor has he discussed any of the elements which would entitle him to such relief. As noted above, the has not requested any specific relief regarding conduct he seeks to have restrained. Plaintiff's

2

Case 3:23-cv-00122   Document 65   Filed 03/27/24   Page 2 of 4 PageID #: 433

generalized conclusory statements beyond the receipt of logistical text messages from the TDOC are insufficient to satisfy any of the elements the Court must consider in determining whether to grant a restraining order.

Considering the elements for granting such relief, the Court concludes that the Plaintiff has filed to establish a likelihood of success on the merits in this matter. He further has not shown any irreparable harm that is associated with receiving logistical test messages from the TDOC regarding inclement weather policies. Additionally, if the Court were to grant a restraining order against the TDOC and its employees from communicating with individuals on probation regarding department operations in inclement weather; it could create substantial risk of harm to the public and those individual under supervision as they might feel compelled to engage in dangerous actions, that in the end, are totally unnecessary due to the impact of the inclement weather.

For the reasons set forth herein, and because the Plaintiff has not shown entitlement to injunctive relief at this time, the undersigned recommends that the Plaintiff's motion for restraining order be **DENIED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

                                                                                       **JEFFERY S. FRENSLEY**
                                                                                       **United States Magistrate Judge**