IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DARRELL RICARDO WHYTE,<br>　　Plaintiff, | )<br>)<br>) |
| v. | )     Civil Action No. 3: 23-cv-00122<br>)     Judge Richardson/Frensley |
| ANDREW HAZLEY, et al.,<br>　　Defendants. | )<br>) |

## REPORT AND RECOMMENDATION

This fee-paid, 42 U.S.C. § 1983 action is before the Court on Defendants' motions to dismiss the fifth amended complaint for lack of subject matter jurisdiction and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Docket Nos. 36, 42-44. Also before the court are Plaintiff's motions for summary judgment and other motions. Docket Nos. 35, 51-52, 67, 70. The motions are fully briefed and ready for ruling. For the reasons set forth below, the undersigned recommends that Defendants' motions be granted, and the case be dismissed. The undersigned further recommends Plaintiff's motions be denied.

### I.     BACKGROUND

Plaintiff Darryl Ricardo Whyte filed his initial complaint on February 8, 2023. Docket No. 1. Plaintiff's claims arise out of events relating to his probation period with State of Tennessee following his release from federal prison. Docket No. 34, generally. In his fifth amended complaint, Plaintiff alleges the following.

On December 10, 2010, Plaintiff was convicted of multiple state felonies and sentenced to 11 years Community Corrections. Docket No. 45-1, p. 1.[1] While on state probation he was

---

[1] Despite several amendments to his original complaint, Plaintiff's fifth amended complaint still fails to comply with Federal Rule 8. In support of their motions, Defendants have submitted court records and other documents to "fill in the blanks." As a general rule, matters outside the pleadings

convicted on federal charges and sentenced to imprisonment. Docket No. 45-2, p. 1. Plaintiff was released from federal prison on August 11, 2020. *Id.*

Under the terms of his state probation, Plaintiff was required to report to his state Community Corrections officer to complete the remainder of his sentence with Community Corrections upon release from federal prison and required to obtain a GPS monitor. Docket No. 43-5, p. 2. Plaintiff did neither. 45-2, p. 1. On October 20, 2020, case officer Candy Jones signed an affidavit attesting to these violations, and on October 30, 2020, a warrant was issued for Plaintiff's arrest. *Id.* Plaintiff alleges Jones's affidavit to support his arrest warrant was filed without a signature and was not under penalty of perjury. Docket No. 34, p. 7.

After his probation violation, Plaintiff was released on probation and required to wear a GPS monitor. Docket No. 36-5, p. 2. Sometime around between December 20 and 23, 2020, Plaintiff alleges that he called Community Corrections and spoke with Amanda Morrow about "a contract," or plea agreement. Docket No. 34, p. 7. He alleges that during the phone conversation, Morrow failed to provide him with the requested "contract" and "explained that the "wording in the old contract was vague." *Id.* He alleges that Morrow notarized an invalid affidavit and warrant and "fail[ed] to report a felonious crime." *Id.*

---

may not be considered in ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) unless the motion is converted to one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). When a document is referred to in the pleadings and is integral to the claims, such as here, it may be considered without converting a motion to dismiss into one for summary judgment. *Doe v. Ohio State Univ.,* 219 F. Supp. 3d 645, 652-53 (S.D. Ohio 2016); *Blanch v. Trans Union, LLC*, 333 F. Supp. 3d 789, 791-92 (M.D. Tenn. 2018). Further, on a motion to dismiss, courts may consider "matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007). It also may consider "matters of public record." *Gardner v. United States*, 443 Fed. App'x 70, 73 (6th Cir. Sept. 30, 2011). "Extrinsic materials that 'fill in the contours and details' of a complaint without adding anything new may be considered without converting the motion to one for summary judgment." *Rodriguez*, 191 F. Supp. 3d at 762-63 (quoting *Yeary v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997)); *Armengau v. Cline*, 7 Fed. Appx. 336, 344 (6th Cir. Mar. 1, 2001).

On February 25, 2021, in an order revoking his probation. Judge James Turner ordered that Plaintiff's ankle monitor be removed. Docket No. 36-6, p. 2. Plaintiff complains of the way Judge Turner conducted his probation revocation proceedings. Specifically, he alleges that Judge Turner "presided over the case without doing [d]iligent inquiry and continued to preside after [Plaintiff] told him that . . . the ankle monitor [was] a harsh financial burden upon him." Docket No. 34, p. 8. He alleges that the prosecutor, Assistant Attorney General Andrew Hazley, knowingly and willfully prosecuted his probation violation case without conducting due diligence. *Id.*, p. 7. Plaintiff accuses his counsel in the underlying state proceedings, Wilford Fraley, of breach of contract by not doing due diligence in his research and knowingly and willfully going along with co-Defendants. He asserts Fraley did not report a felonious crime, presumably the purportedly faulty arrest warrant. Docket No. 34, p. 4. Plaintiff claims Defendants conspired to deprive him of his "[i]nalienable God given rights that the constitutional contract was put in place to protect." *Id.*, p. 5. Plaintiff asserts his Eighth Amendment rights were violated because he was forced to wear an ankle monitor and pay for it on a weekly basis, along with a $250 deposit. *Id.* He seeks "$7.5 million dollars in gold and silver bullion." *Id.*, p. 9.

In his complaint, Plaintiff names as Defendants Andrew Hazley, Wilford Fraley, Judge Turner, Amanda Morrow, and Candy Jones. Docket No. 1. He sues all Defendants in their individual and official capacities. *Id.*

Plaintiff also names as a Defendant Judge David Bragg. The record reflects that Bragg has not been served with process and has not voluntarily entered an appearance. Docket No. 38. Moreover, the Court's deadline for filing proof of service also has passed and Plaintiff has not sought an extension of time to effect service. The Court finds Plaintiff has not complied with Federal Rule 4(m) and therefore recommends the case be dismissed without prejudice as to

3

Defendant Bragg. *See Adams v. Alliedsignal General Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996) (citing *Printed Media Services, Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993) (if a Defendant is not properly served, a federal court lacks jurisdiction over that Defendant).

All remaining Defendants now move to dismiss on the grounds that Plaintiff's claims are barred by various immunities, as well as the statute of limitations. In support of their motions, Defendants attached copies of records from plaintiff's underlying state proceedings.

Plaintiff did not file direct responses to the motions but has filed motions to strike Defendants' motions and for summary judgment. Docket Nos. 35, 51. Plaintiff also moves (1) for reconsideration of an order denying him leave to amend his complaint; and (2) for leave to amend his complaint. Docket Nos. 67, 70.

## II. DISCUSSION

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in [the] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P 8(a)(2)).

To survive a motion to dismiss, the factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. A plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple

4

recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### 1. Circuit Judge James Turner

Turner argues Plaintiff's claims against him in his official capacity are barred by sovereign immunity. Docket No. 42, p. 1. The undersigned agrees.

Before considering a suit against a state, a federal court must determine whether the Eleventh Amendment bars jurisdiction. That constitutional provision reads: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment grants sovereign immunity to the states in most cases, which prevents federal courts from having jurisdiction in lawsuits brought by private plaintiffs where the state is a Defendant. *See Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 532, 211 L. Ed. 2d 316 (2021) (citing *Alden v. Maine*, 527 U.S. 706, 713 (1999)). Such immunity also extends to departments and agencies that are arms of the state, as well as state officers acting in their official capacity. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (the Eleventh Amendment bars suits against departments that are arms of the states); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (construing suits against a state official in his or her official capacity as a suit against the official's office). This immunity bars suits "for injunctive, declaratory or monetary relief." *Thiokol Corp. v. Dep't of Treasury, State of Mich. Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993).

However, courts maintain jurisdiction under certain circumstances despite sovereign immunity. States may waive their immunity or Congress may remove it by statute. *Id.* Here,

5

Plaintiff's claim against Judge Turner in his official capacity is a suit against the State. The State has not waived its Eleventh Amendment immunity. *See Berndt v. Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986). Nor has Congress abrogated the State's immunity by statute. Therefore, Judge Turner is immune from suit for money damages against him in his official capacity. The claims against him should be dismissed.

Plaintiff also fails to state a claim against Judge Turner in his individual capacity because Plaintiff's claim is barred by the statute of limitations and judicial immunity. When "the allegations in the complaint affirmatively show that the claim is time-barred," dismissal "under Rule 12(b)(6) is appropriate." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). Dismissal under Rule 12(b)(6) is also appropriate when judicial immunity applies. *See Barnes v. Winchell*, 105 F.3d 1111, 1123 (6th Cir. 1997) (a judge's entitlement to absolute judicial immunity means plaintiff's complaint failed to state a claim).

Courts look to a state's personal injury statute of limitations for § 1983 claims. *Bonner v. Perry*, 564 F.3d 424, 430 (6th Cir. 2009) (quoting *Owens v. Okure*, 488 U.S. 235, 240-41 (1989)). Tennessee's statute of limitations for personal injury is one year. Tenn. Code Ann. § 28-3-104(a)(1)(A). Plaintiff complains of conduct that began in October 2020, when his probation was revoked. Docket No. 34, pp. 6-7. Judge Turner presided over Plaintiff's revocation proceedings and on February 25, 2021, entered an order that required Plaintiff's GPS ankle monitor be removed. Docket No. 36-6, p. 2. Accordingly, any alleged conspiracy to force Plaintiff to wear an ankle monitor would have ended on February 25, 2021, at the very latest, when his monitor was removed. In order to meet the statute of limitations here, Plaintiff needed to file his complaint in February 2022. Plaintiff filed suit on February 8, 2023, approximately one year out of time. Docket No. 1. Accordingly, Plaintiff's claim is time-barred.

Plaintiff's claims against Judge Turner are also barred by judicial immunity. As a general rule, judicial officers performing judicial actions are absolutely immune from civil suits for monetary damages under § 1983. *See Cooper v. Parrish*, 203 F.3d 937, 944 (6th Cir. 2000) (citing *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991)). The judicial immunity doctrine applies even when a party alleges that the judge acted maliciously or violated his or her constitutional rights. *Bright v. Gallia Cnty.*, 753 F.3d 639, 648–49 (6th Cir. 2014). Immunizing judges from civil liability allows them to "exercise their functions with independence and without fear of consequence." *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (citation and internal quotation marks omitted).

The Supreme Court has established a two-prong test to determine whether an act is judicial: (1) is the function one that a judge normally performs, and (2) did the parties deal with the judge in his or her judicial capacity? *Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *Ireland v. Tunis*, 113 F.3d 1435, 1441 (6th Cir. 1997). Under this "functional approach," "immunity is justified and defined by the functions it protects and serves, not by the person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 224 (1988) (emphasis in original).

Judge Turner presided over Plaintiff's probation revocation proceedings and issued an order requiring the removal of Plaintiff's ankle monitor. It is axiomatic that presiding over revocation proceedings and issuing orders are judicial functions that judges normally perform. By exercising his authority as a judge in ordering the removal of Plaintiff's ankle monitor, Judge Turner was acting in his judicial capacity. Thus, judicial immunity applies, and Judge Turner is immune from suit.

2.  **Assistant District Attorney General Andrew Hazley**

Likewise, Plaintiff's claim against Assistant District Attorney General Andrew Hazley in his official capacity is barred by sovereign immunity. Hazley prosecuted Plaintiff's revocation

7

Case 3:23-cv-00122   Document 74   Filed 07/25/24   Page 7 of 11 PageID #: 542

proceedings as an advocate for the State. The suit against Hazley is a suit against the State. Hazley is an arm of the State, and the State has not waived immunity, nor has Congress removed it. *See Thiokol,* 987 F.2d at 381. Hazley is therefore entitled to Eleventh Amendment immunity from suit in federal court. Dismissal is proper as to Defendant Hazley.

Plaintiff's suit against Hazley in his individual capacity is time-barred for the same reasons as Judge Turner. The suit is also barred by prosecutorial immunity. "Absolute prosecutorial immunity . . . is a common law principle that shields a prosecutor from § 1983 liability." *Cooper v. Parrish*, 203 F.3d 937, 946 (6th Cir. 2000) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)). A prosecutor is absolutely immune when acting as an advocate for the state by engaging in conduct that is "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430-31. Its purpose is to prevent harassment by unfounded litigation that would deflect the prosecutor's energies from his public duties and avoid "the possibility that [the prosecutor] would shade his decisions instead of exercising the independence of judgment required by his public trust." *Imbler*, 424 U.S. at 423. That is, "absolute immunity allows a prosecutor to exercise his independent judgment in 'deciding which suits to bring and in conducting them in court based on his duty to the public rather than on a fear of potential liability in a suit for damages." *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989) (quoting *Imbler*, 424 U.S. at 424-25).

Courts take a functional approach to absolute prosecutorial immunity. *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003). Under this approach, a prosecutor is protected in connection with his duties in functioning as a prosecutor. *Id.* The key to prosecutorial immunity is advocacy, i.e., whether the actions in question are those of an advocate. *Id.* at 798. Prosecutors are immune from liability even if their acts were in error, were wrongful, or were malicious. *Grant*, 870 F.2d at 1138. Moreover, " a prosecutor is absolutely immune from a civil conspiracy charge

8

when his alleged participation in the conspiracy consists of otherwise immune acts." *Reasonover v. St. Louis Cnty.*, 447 F.3d 569, 580 (8th Cir. 2006).

Here, Hazley became involved with Plaintiff's criminal case when Plaintiff's probation was revoked in October 2020. Docket No. 31-5, p. 2. Per the agreement between Hazley and defense counsel and as set forth in the court's order, Plaintiff's probation revocation resulted in Plaintiff's release on his own reconnaissance and required Plaintiff to wear a GPS monitor. *Id.* These actions are squarely in connection with his duties in functioning as a prosecutor. *See Spurlock*, 330 F. 3d at 797. Thus, Hazley is immune from suit.

### 3. Amanda Morrow, Candy Jones, Wilford Fraley

Remaining Defendants Morrow, Jones, and Fraley argue plaintiff's claims against them are time-barred and should be dismissed. The undersigned agrees.

Plaintiff alleges that on October 20, 2020, Jones filed a warrant for his arrest without a signature and that was not sworn under penalty of perjury. Docket No. 34, p. 7. He alleges that during a conversation with Morrow around December 20-23, 2020, Morrow described a "contract" or plea agreement as vague, did not provide him with a requested "contract," failed to report a felonious crime, i.e., the allegedly defective warrant, and notarized a faulty affidavit and warrant. *Id.* Plaintiff asserts counsel Wilford Fraley failed to perform due diligence in his research and knowingly and willfully went along with co-Defendants. He asserts Fraley did not report the crime concerning the allegedly faulty warrant. Docket No. 34, p. 4.

As stated earlier, Plaintiff filed suit on February 8, 2023, more than two years after any alleged conduct by these Defendants and outside Tennessee's one-year statute of limitations. Nor has Plaintiff alleged any acts to establish a "continuing violation" to extend the accrual time of his claims. *See Eidson v. Tenn. Dept. of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (a

continuing violation requires continual unlawful acts by Defendant and will not be supported by continual ill effects of an original violation). The undersigned concludes Plaintiff's claims against these Defendants are time-barred.

Plaintiff has filed several motions, including two motions for summary judgment. Docket Nos. 35, 51. These motions should be denied as moot in light of the recommendation that Defendant's motion to dismiss be granted.

Plaintiff also moves to strike Defendants' motions to dismiss under Federal Rule of Civil Procedure 12. Docket No. 52. Plaintiff's motion to strike Defendants' motions to dismiss will be denied. A motion to strike may only be directed against pleadings, not motions. "[A] motion is not a 'pleading' as defined in Rule 7." Fed. R. Civ. P. 15 advisory committee's note, 2009 Amendments. Under Rule 12(f), a court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f), Fed. R. Civ. P. Only material included in a "pleading" may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. 2 James W. Moore, et al., *Moore's Federal Practice* '12.37[2] (3rd ed. 2018). Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike. Plaintiff's motion to strike will be denied.

Finally, Plaintiff has filed motions (1) for reconsideration of the court's order denying him leave to amend his complaint; and (2) to amend his complaint. Docket Nos. 67, 70. The Court has ordered Plaintiff to file a complaint that satisfies Federal Rule of Civil Procedure 8 on numerous occasions. Docket Nos. 3, 7, 9. Plaintiff has offered no explanation nor is the Court otherwise aware that the proposed amendment would cure any alleged deficiencies or addresses and of the issues raised in Defendants' motions to dismiss and therefore would be futile. Plaintiff's motions for reconsideration and for leave to amend are denied.

## II. CONCLUSION

Based on the foregoing, the undersigned recommends that Defendants' motions to dismiss, Docket Nos. 36, 42-44, be **GRANTED.**

The undersigned further recommends Plaintiff's motions (1) for summary judgment (Docket Nos 35, 51) be **DENIED as moot;** (2) to strike (Docket No. 52) be **DENIED;** and (3) and for reconsideration and to amend (Docket Nos. 67, 70) be **DENIED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**