IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DARRELL RICARDO WHYTE,        )
                              )
    Plaintiff,                )
                              )    NO. 3:23-cv-00122
v.                            )
                              )    JUDGE RICHARDSON
ANDREW HAZLEY, et al.,        )
                              )
    Defendants.               )
                              )

## MEMORANDUM OPINION AND ORDER

Pending before the Court[1] is a Report and Recommendation ("R&R") of the Magistrate Judge (Doc. No. 74), wherein the Magistrate Judge recommends that this Court grant the motions to dismiss (Doc. Nos. 36, 42-44, "Motions to Dismiss") filed by Defendants and dismiss this action in its entirety for lack of subject-matter jurisdiction and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Additionally, the Magistrate Judge recommends that Plaintiff's motions (1) for summary judgment (Doc. Nos. 35, 51, "Motions for Summary Judgment"); (2) to strike (Doc. No. 52, "Motion to Strike"); (3) for reconsideration (Doc. No. 67, "Motion for Reconsideration"), and (4) to amend the (amended) complaint (Doc. No. 70, "Motion to Amend") be denied.[2]

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] Herein, the Court refers to Plaintiff's Motions for Summary Judgment, Motion to Strike, Motion for Reconsideration, and Motion to Amend, collectively, as "Plaintiff's Motions."

Plaintiff has filed what appear to be (among other things) purported objections to the R&R (Doc. No. 75, "Objections" ).[3]

For the reasons stated herein, the Court overrules the Objections, adopts the findings and recommendations of the Magistrate Judge in the R&R, grants the Motions to Dismiss, denies Plaintiff's Motions, and dismisses this action in its entirety.

## BACKGROUND

Plaintiff does not dispute any of the facts as set forth by the Magistrate Judge in the R&R. As such, the Court adopts that factual background in its entirety and includes it here for reference.

> Plaintiff Darryl Ricardo Whyte filed his initial complaint on February 8, 2023. Docket No. 1. Plaintiff's claims arise out of events relating to his probation period with State of Tennessee following his release from federal prison. Docket No. 34, generally. In his fifth amended complaint, Plaintiff alleges the following.
>
> On December 10, 2010, Plaintiff was convicted of multiple state felonies and sentenced to 11 years Community Corrections. Docket No. 45-1, p. 1.[1] While on state probation he was convicted on federal charges and sentenced to imprisonment. Docket No. 45-2, p. 1. Plaintiff was released from federal prison on August 11, 2020. *Id*.
>
> Under the terms of his state probation, Plaintiff was required to report to his state Community Corrections officer to complete the remainder of his sentence with Community Corrections upon release from federal prison and required to obtain a GPS monitor. Docket No. 43-5, p. 2. Plaintiff did neither. 45-2, p. 1. On October 20, 2020, case officer Candy Jones signed an affidavit attesting to these violations, and on October 30, 2020, a warrant was issued for Plaintiff's arrest. *Id*. Plaintiff alleges Jones's affidavit to support his arrest warrant was filed without a signature and was not under penalty of perjury. Docket No. 34, p. 7.
>
> After his probation violation, Plaintiff was released on probation and required to wear a GPS monitor. Docket No. 36-5, p. 2. Sometime around between December 20 and 23, 2020, Plaintiff alleges that he called Community Corrections and spoke with Amanda Morrow about "a contract," or plea agreement. Docket No. 34, p. 7. He alleges that during the phone conversation, Morrow failed to provide him with the requested "contract" and "explained that the "wording in the old

---

[3] Herein, a given use of the term "Objections" may refer to the document (Doc. No. 75) itself, to the purported objection(s) contained therein (i.e., the "objection(s)" to the R&R contained within the "Objections"), or both.

contract was vague." *Id*. He alleges that Morrow notarized an invalid affidavit and warrant and "fail[ed] to report a felonious crime." *Id*.

On February 25, 2021, in an order revoking his probation. Judge James Turner ordered that Plaintiff's ankle monitor be removed. Docket No. 36-6, p. 2. Plaintiff complains of the way Judge Turner conducted his probation revocation proceedings. Specifically, he alleges that Judge Turner "presided over the case without doing [d]iligent inquiry and continued to preside after [Plaintiff] told him that . . . the ankle monitor [was] a harsh financial burden upon him." Docket No. 34, p. 8. He alleges that the prosecutor, Assistant Attorney General Andrew Hazley, knowingly and willfully prosecuted his probation violation case without conducting due diligence. *Id*., p. 7. Plaintiff accuses his counsel in the underlying state proceedings, Wilford Fraley, of breach of contract by not doing due diligence in his research and knowingly and willfully going along with co-Defendants. He asserts Fraley did not report a felonious crime, presumably the purportedly faulty arrest warrant. Docket No. 34, p. 4. Plaintiff claims Defendants conspired to deprive him of his "[i]nalienable God given rights that the constitutional contract was put in place to protect." *Id*., p. 5. Plaintiff asserts his Eighth Amendment rights were violated because he was forced to wear an ankle monitor and pay for it on a weekly basis, along with a $250 deposit. *Id*. He seeks "$7.5 million dollars in gold and silver bullion." *Id*., p. 9.

In his complaint, Plaintiff names as Defendants Andrew Hazley, Wilford Fraley, Judge Turner, Amanda Morrow, and Candy Jones. Docket No. 1. He sues all Defendants in their individual and official capacities. *Id*.

Plaintiff also names as a Defendant Judge David Bragg. The record reflects that Bragg has not been served with process and has not voluntarily entered an appearance. Docket No. 38. Moreover, the Court's deadline for filing proof of service also has passed and Plaintiff has not sought an extension of time to effect service. The Court finds Plaintiff has not complied with Federal Rule 4(m) and therefore recommends the case be dismissed without prejudice as to Defendant Bragg. *See Adams v. Alliedsignal General Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996) (citing *Printed Media Services, Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993) (if a Defendant is not properly served, a federal court lacks jurisdiction over that Defendant)[)].

All remaining Defendants now move to dismiss on the grounds that Plaintiff's claims are barred by various immunities, as well as the statute of limitations. In support of their motions, Defendants attached copies of records from plaintiff's underlying state proceedings.

Plaintiff did not file direct responses to the motions but has filed motions to strike Defendants' motions and for summary judgment. Docket Nos. 35, 51. Plaintiff also moves (1) for reconsideration of an order denying him leave to amend his complaint; and (2) for leave to amend his complaint. Docket Nos. 67, 70.

(Doc. No. 74 at 1–4) (footnote omitted).[4]

The Magistrate Judge evaluated Plaintiff's claims against Circuit Judge James Turner ("Judge Turner") and Assistant District Attorney General Andrew Hazley ("Hazley") in their official capacities separately from Plaintiff's claims against them in their individual capacities. As to Plaintiff's claims against Judge Turner and Hazley in their official capacities, the Magistrate Judge concluded that such claims should be dismissed because they are barred by sovereign immunity. (*Id*. at 6-7). With respect to Plaintiff's claims against Judge Turner and Hazley in their individual capacities, the Magistrate Judge found that such claims are time-barred by Tennessee's one-year statute of limitations. (*Id*. at 6, 8 (citing Tenn. Code Ann. § 28-3-104(a)(1)(A))). Additionally, the Magistrate Judge concluded that Plaintiff's claims against Judge Turner in his individual capacity are barred by judicial immunity, (*id*. at 7), and that Plaintiff's claims against Hazley in his individual capacity are barred by prosecutorial immunity (*id*. at 8-9). Because

---

[4] The footnote omitted from the block quote above stated:

> Despite several amendments to his original complaint, Plaintiff's fifth amended complaint still fails to comply with Federal Rule 8. In support of their motions, Defendants have submitted court records and other documents to "fill in the blanks." As a general rule, matters outside the pleadings may not be considered in ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) unless the motion is converted to one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). When a document is referred to in the pleadings and is integral to the claims, such as here, it may be considered without converting a motion to dismiss into one for summary judgment. *Doe v. Ohio State Univ.*, 219 F. Supp. 3d 645, 652-53 (S.D. Ohio 2016); *Blanch v. Trans Union, LLC*, 333 F. Supp. 3d 789, 791-92 (M.D. Tenn. 2018). Further, on a motion to dismiss, courts may consider "matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). It also may consider "matters of public record." *Gardner v. United States*, 443 Fed. App'x 70, 73 (6th Cir. Sept. 30, 2011). "Extrinsic materials that 'fill in the contours and details' of a complaint without adding anything new may be considered without converting the motion to one for summary judgment." *Rodriguez*, 191 F. Supp. 3d at 762-63 (quoting *Yeary v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997)); *Armengau v. Cline*, 7 Fed. Appx. 336, 344 (6th Cir. Mar. 1, 2001).

(Doc. No. 74 at 1 n.1).

(according to the Magistrate Judge) Judge Turner and Hazley are immune from suit in both their official and individual capacities, the Magistrate Judge recommended that Plaintiff's claims be dismissed.

The Magistrate Judge then turned to Plaintiff's claims against the remaining Defendants, Amanda Morrow, Candy Jones, and Wilford Fraley ("Remaining Defendants"), and found that Plaintiffs claims against them are time-barred by Tennessee's one-year statute of limitations because Plaintiff filed suit over two years after any alleged conduct by the Remaining Defendants. (*Id*. at 9). Moreover, the Magistrate Judge reasoned that Plaintiff did not allege "any acts to establish a 'continuing violation' to extend the accrual time of his claims." (*Id*. citing *Eidson v. Tenn. Dept. of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007)). On this basis, the Magistrate Judge recommended dismissal of Plaintiff's claims against the Remaining Defendants.

The Magistrate Judge then turned to Plaintiff's Motions, starting his analysis with Plaintiff's Motions for Summary Judgment, which the Magistrate Judge recommended should be denied as moot in light of the recommendation that Defendants' Motions to Dismiss be granted. (*Id*. at 10).

The Magistrate Judge also recommended that Plaintiff's Motion to Strike be denied because it was not directed at a pleading.[5] (*Id*. (citing Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter"), and Fed. R. Civ. P. 15 advisory committee's note, 2009 Amendments ("[A] motion is not a 'pleading' as defined in [Fed. R. Civ. P.] 7."))).

---

[5] Via the Motion to Strike, Plaintiff sought to strike Defendants' Motions to Dismiss. (*See* Doc. No. 52).

Finally, the Magistrate Judge recommended that Plaintiff's Motion for Reconsideration[6] and Motion to Amend be denied because Plaintiff did not explain (and the Magistrate Judge himself was not aware) why Plaintiff's proposed amendment would cure the deficiencies in the Amended Complaint (Doc. No. 34) or address the issues raised in Defendants' Motions to Dismiss. Therefore, the Magistrate Judge concluded, the Motion to Reconsider and Motion to Amend each should be denied because amendment would be futile. (*Id*.).

## LEGAL STANDARD

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context*." Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019) (internal citations and quotation marks omitted).

---

[6] Via the Motion for Reconsideration, Plaintiff sought reconsideration of the Magistrate Judge's Order at Doc. No. 64 denying him leave to amend his complaint. (Doc. No. 67).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed the R&R and the Objections. Below, the Court conducts a *de novo* analysis of the portion of the R&R challenged by the Objections.[7]

ANALYSIS

Via the R&R, the Magistrate Judge recommends that the Court grant the Motions to Dismiss, deny Plaintiff's Motions, and dismiss this action in its entirety. (Doc. No. 74 at 11). In his Objections, Plaintiff fails to make a specific objection to any finding in the R&R, much less to a specific portion of the R&R.[8] The closest Plaintiff comes to making a specific objection is his assertion that "Magistrate Judge Frensley and all Defendants are attempting to implement and force corporate rules, statutes, codes, regulations, and policies upon Plaintiff which are not lawful and shall not go into effect." (Doc. No. 75 at 2-3). Plaintiff does not, however, explain why any of the "statutes, codes, regulations, [or] policies" on which the Magistrate Judge relied are unlawful or inapplicable to this case. Therefore, this "objection" is overruled.

The remainder of Plaintiff's Objections consists of Plaintiff questioning (without any basis whatsoever) the Magistrate Judge's authority and allegiance to the United States and its Constitution, followed by a request that the Magistrate Judge remove himself from this case—all in the form of what is patently mere gibberish. These outlandish assertions and vicious attacks certainly do not qualify as "objections" to the R&R under Fed. R. Civ. P. 72(b)(2) or L.R. 72.02(a).

Accordingly, Plaintiff's Objections are overruled, and the R&R is adopted and approved.

---

[7] As indicated herein, the Objections must be generously construed in order to be considered to have actually challenged any portion of the R&R. And even construing the Objections as such, there is at most one portion to which it may be said there was a challenge.

[8] In the second sentence of the Objections, Plaintiff admits that he has no intention of objecting to "the substance" of the R&R, stating, "[t]he substance of the matter will not be argued with [the Magistrate Judge] until he proves where he derives Delegation of Authority and enters it into the record." (Doc. No. 75 at 1).

CONCLUSION

For the reasons discussed herein, Plaintiff's Objections are overruled, and the Court adopts the Magistrate Judge's R&R (Doc. No. 74). Accordingly, Defendants' respective Motions to Dismiss (Doc. Nos. 36, 42-44) are GRANTED, and this action is dismissed in its entirety. Plaintiff's Motions for Summary Judgment (Doc. Nos. 35, 51) are DENIED as moot in light of the dismissal. And Plaintiff's Motion to Strike (Doc. No. 52), Motion for Reconsideration (Doc. No. 67), and Motion to Amend (Doc. No. 70) are also DENIED.

The Clerk is DIRECTED to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE